IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES E. VAUGHN,

        Petitioner,

v.                                              Civil Action No. 2:08-CV-96
                                                 Criminal Action No. 2:04-CR-14

UNITED STATES OF AMERICA,         (Judge Keeley)

        Respondent.

**REPORT AND RECOMMENDATION THAT MOTION TO VACATE UNDER 28 USC § 2255 BE DENIED AND ORDER DENYING PETITIONER'S MOTION TO CONTINUE AS MOOT**

## I. INTRODUCTION

On September 22, 2008, petitioner filed his motion under 28 U.S.C. § 2255 styled 28 U.S.C. § 2255 Motion.[1] The government filed its Response on November 26, 2008.[2] Petitioner filed a motion for an extension to file a reply styled Petitioner's Motion to Continue.[3] Petitioner filed his reply styled Petitioner's Rebuttal to United States' Response to 2255 Petition.[4]

---

[1] Docket No. 186.

[2] Docket No. 195

[3] Docket No. 196

[4] Docket No. 198

1

## II. FACTS

**A.     Conviction and Sentence**

Petitioner was indicted on May 4, 2004 and charged with one count of evasion of payment of assessed federal income taxes in violation of Title 26, United States Code, Section 7201.  A superceding indictment was returned on August 17, 2004.  Petitioner proceeded to trial and was convicted by a jury of the charge in the superceding indictment on March 24. 2006.  On June 15, 2006, petitioner was sentenced to 51 months imprisonment, 3 years supervised release, a fine of $75,000 and $ 79,061 restitution.

**B.     Appeal**

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit.  The appeal was denied on November 15, 2007, effective December 7, 2007.

**C.     Federal Habeas Corpus**

Petitioner contends

1. Ineffective assistance of counsel because his counsel "failed to coach and explain where results might otherwise turn positive", "offered  no communication about risk of trial and allocution process and purpose" and all but one of defendant's meaningful motions were denied while more than seventy motions and objections were decided against petitioner.

2. Unjust application of the Sentencing Guidelines.

3. Government abuse of power by IRS.

4. Absence of identified witnesses and death of two potential government witnesses

5. Petitioner's change of business format was misconstrued by the Court.

6. Constructive amendment of the superceding indictment by the Court.

7. Erroneous sentence by the Court by adopting the government's version of affirmative act number one.

8. The Court accepted the government's failure to prove the affirmative acts alleged in the superceding indictment.

9. The Court erred in adopting the government's hearsay tax loss calculations.

10. The Court erroneously applied 1991 and 1993 tax due at trial and at sentencing.

11. The Court erroneously accepted the government's proof of financial calculations for applying the sentencing guidelines.

12. The Court erroneously accepted the government's proof of tax loss calculations.

13. The Court erroneously accepted the government's exhibit GE 45 to calculate petitioner's sentence.

14. The Court erroneously accepted the government's exhibit GE 119 to calculate petitioner's sentence.

15. The Court erroneously accepted the government's tax calculation loss to determine the level of offense.

16. The Court erroneously accepted the governments exhibits GE 66 and GE 75 in calculating   petitioner's sentence.

17. The Court erroneously determined petitioner's offense level by using inaccurate financial exhibits.

18. The Court violated petitioner's Sixth Amendment rights by sentencing petitioner on facts not found by the jury beyond a reasonable doubt.

19. The Court relied upon generalized statements in the amended pre-sentence report to

unlawfully impose maximum penalties.

20. The Court's sentence for a first time offender was disparate.

21. The Court unlawfully sentenced prisoner to a sentence greater than necessary for a first time offender.

22. The Court made factual errors in determining petitioner's sentence.

The government contends that twenty-one (21) of petitioner's twenty-two (22) claims are procedurally defaulted because they were either raised on appeal or should have been raised on appeal or they are non-constitutional claims which cannot be raised in a § 2255 petition. The government contends the ineffective assistance of counsel claim is the only claim that can be raised in a § 2255 petition. Specifically, the government contends petitioner did not show in his petition how his counsel was deficient or how the result of the trial or sentence was unreliable.

### III. ANALYSIS

**A.  Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 at *2 (E.D. Va. Jan. 4, 2006).

**B.  Procedurally Barred Claims**

Before evaluating the merits of petitioner's claims, the Court must determine which of

petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) See also Herman v. United States, 227 F.2d 332 (4th Cir. 1955). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

In the first part of Ground 4, petitioner argues the absence of a witness violated his due process rights. At the trial, Booker Walton invoked his Fifth Amendment privilege. This issue was considered by the Fourth Circuit Court of Appeals. See United States v. Vaughn, 254 Fed. Appx. 175, 2007 WL 4014457 (4th Cir. (W.Va.)). Therefore the first part of Ground 4 is barred.

The second part of Ground 4 claims the death of two potential witnesses violated petitioner's due process rights. Petitioner could have raised this issue on direct appeal but did not. Therefore the second part of Ground 4 has been procedurally defaulted because petitioner has not demonstrated 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. Maybeck, 23 F.3d at 891.

In Ground 5 petitioner appears to argue that his due process rights were violated when he

5

did not have witnesses to corroborate the reason for his change of business format. In petitioner's view, this led the jury to convict him and the Court to give him a higher sentence. These issues could have been raised on direct appeal. Petitioner has not demonstrated 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. Id. Petitioner has procedurally defaulted on Ground 5.

In Ground 6, Petitioner alleges the Court unlawfully constructively amended the Superceding Indictment. This issue could have been raised on direct appeal. Petitioner has not demonstrated 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. Id. Petitioner has procedurally defaulted on Ground 6.

In the first part of Ground 10, petitioner alleges the Court erroneously admitted into evidence at trial the 1991 and 1993 tax due producing erroneous tax loss calculations. This issue could have been raised on direct appeal. Petitioner has not demonstrated 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. Id. Petitioner has procedurally defaulted on Ground 10.

In Ground 18, petitioner claims he was sentenced based upon facts not found by a jury beyond a reasonable doubt. This issue could have been raised on direct appeal. Petitioner has not demonstrated 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. Id. Petitioner has procedurally defaulted on Ground 18.

**C.    Claims Not Cognizable in a § 2255 Motion**

In Ground 2, Petitioner claimed the Court was unjust when determining the maximum fine and months of incarceration in offense range for a first time offender.

Petitioner's challenge to the reasonableness of his sentence may not be raised in a § 2255

motion. A claim not attacking the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." United States v Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Because an alleged misapplication of statutory sentencing requirements does not constitute a miscarriage of justice, United States v Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999), petitioner's claim is barred. See Stewart v. United States, 2006 U.S. Dist. LEXIS 54533, at *13-14 (E.D. Va. July 21, 2006).

In Ground 2, petitioner is simply attacking the reasonableness of his sentence. Therefore, Ground 2 is not cognizable as a § 2255 claim.

In Ground 3, petitioner contends his due process rights have been violated because the Court accepted the government's abuse of power and then imposed an excessive sentence. The sentence was within the sentencing guidelines. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 3 does not establish a basis for relief.

In Ground 7, petitioner claims the Court imposed an erroneous sentence. The sentence was within the sentencing guidelines. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 7 does not establish a basis for relief.

In Ground 8, petitioner complains the Court, in the absence of the government's failure to prove the Superceding Indictment, imposed a sentence "beyond necessity and justification." The

sentence was within the sentencing guidelines. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 8 does not establish a basis for relief.

In Ground 9, petitioner claims the Court adopted the government's tax loss calculations to form a basis for imposition of an excessive sentence. The sentence was within the sentencing guidelines. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 9 does not establish a basis for relief.

In the second part of Ground 10, petitioner argues the Court allowed evidence at sentencing of the 1991 and 1993 tax due producing erroneous tax loss calculations, presumably wrongfully forming a basis for a higher sentence. The sentence was within the sentencing guidelines. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 10 does not establish a basis for relief.

In Ground 11, petitioner contends the Court unlawfully accepted the government's proof of financial calculations for calculating petitioner's sentence under the sentencing guidelines. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 11 does not establish

a basis for relief.

In Ground 12, petitioner contends the Court unlawfully calculated petitioner's taxable income for sentencing purposes. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 12 does not establish a basis for relief.

In Ground 13, petitioner contends the Court unlawfully calculated petitioner's sentence based on exhibit GE 45 to determine tax loss. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 13 does not establish a basis for relief.

In Ground 14, petitioner contends the Court unlawfully calculated petitioner's sentence based upon exhibit GE 119 to determine tax loss. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 14 does not establish a basis for relief.

In Ground 15, petitioner contends the Court unlawfully calculated petitioner's offense level based upon the government's tax loss calculations. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 15 does not establish a basis for relief.

In Ground 16, petitioner contends the Court unlawfully concluded petitioner was not

truthful based upon GE 66 and GE 75 in determining petitioner's sentence. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 16 does not establish a basis for relief.

In Ground 17, petitioner contends the Court unlawfully calculated petitioner's offense level by relying upon inaccurate financial exhibits– GE 45, GE 66, GE 75 and GE 119. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 17 does not establish a basis for relief.

In Ground 19, petitioner claims the amended pre-sentence report contains generalized statements which were unlawfully used to maximize his sentence. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 19 does not establish a basis for relief.

In Ground 20, petitioner contends the Court unlawfully imposed a disparate sentence to a first time offender by sentencing petitioner to a maximum fine and incarceration within the guideline range for the offense level. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 20 does not establish a basis for relief.

In Ground 21, petitioner contends the Court unlawfully applied the Sentencing

Guidelines aggressively which created a sentence longer than necessary for a first time offender. Petitioner is merely attacking the reasonableness of his sentence, although he attempts to make a constitutional claim of violation of his due process rights. As explained above, attacking the reasonableness of his sentence is not cognizable as a § 2255 claim. Ground 21 does not establish a basis for relief.

D.  **Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

In Ground 1 petitioner contends his counsel "failed to coach and explain where results might otherwise turn positive. Collective acts and failures to act impacted and prejudiced result

11

to defendant petitioner. Counsel offered no communication about risk of trial and allocution process and purpose. All but one meaningful motion of defense was denied, that being related to wife's emergency surgery to delay reporting for incarceration. In contrast, over seventy motions and objections were ruled against Petitioner."

Habeas petitions must meet heightened pleading requirements. <u>McFarland v Scott</u>, 512 U.S. 849, 856 (1994). The petition must come forward with evidence that the claim has merit. <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1131 n.8 (4th Cir. 1992), *cert. denied,* 507 U.S. 923 (1993), *abrogation on other grounds recognized,* <u>Yeatts v Angelone</u>, 166 F.2d 255 (4th Cir. 1999). Allegations amounting to nothing more than conclusions provide no basis for an evidentiary hearing. All four reasons listed by petitioner in Ground 1 are nothing more than conclusory allegations which provide no specifics to form a basis for the Court to grant an evidentiary hearing.

## IV. RECOMMENDATION

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be **DENIED** and dismissed from the docket.

## V. ORDER

Petitioner filed his reply December 15, 2008. The motion to continue is **DENIED** as moot.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District

Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and counsel of record, as applicable.

DATED: February 6, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE