# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES E. VAUGHN,**

        **Petitioner,**

**v.**                       **Civ. Act. No. 2:08CV96**
                                  **Crim. Act. No. 2:04CR14**
                                      **(Judge Keeley)**

**UNITES STATES OF AMERICA,**

        **Respondent.**


## MEMORANDUM OPINION AND ORDER
## ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 22, 2008, the petitioner, Charles E. Vaughn ("Vaughn"), filed a petition pursuant to 28 U.S.C. § 2255 in the Northern District of West Virginia, which the Court referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation ("R&R") pursuant to LR PL P 83.15 and Standing Order No. 5. In his R&R, issued on February 6, 2009, Magistrate Judge Seibert recommended that the Court deny Vaughn's § 2255 petition and dismiss the case with prejudice. Thereafter, on February 19, 2009, Vaughn objected to the R&R in which he urged the Court to reconsider the fundamental issues in his case.  Following <u>de novo</u> review, and for the reasons that follow, the Court **ADOPTS** Magistrate Judge Seibert's R&R in its entirety, **DENIES** Vaughn's § 2255 petition, and dismisses this case with prejudice.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. Background

On March 24, 2006, a jury sitting in the Northern District of West Virginia convicted Vaughn of one count of evasion of assessed federal income tax in violation of Title 26, United States Code, Section 7201. On June 15, 2006, Vaughn received a sentence of 51 months of imprisonment, followed by three years of supervised release. He was also fined $75,000 and ordered to pay $79,061 in restitution. Vaughn appealed to the United States Court of Appeals for the Fourth Circuit, which denied his appeal on November 15, 2007, effective December 7, 2007.

Subsequently, on September 22, 2008, Vaughn filed this petition alleging twenty-two separate grounds ("the Grounds") as the basis for a grant of habeas relief:

**Ground 1.** His counsel acted ineffectively at trial and in the appellate process;

**Ground 2.** The Court unjustly applied the Sentencing Guidelines. Vaughn argues that his sentence was unjust for a first time offender and that ill-advised Government analysis and ineffective communication between the Court and counsel led to an unjust sentence;

**Ground 3.** The IRS abused its power through procedural windfalls by ignoring a "settlement proposal" prior to his indictment and conviction. Vaughn argues that the Court perpetrated this fraud by accepting the Government's abuse of power in violation of his procedural due process rights;

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**Ground 4.** The absence of identified witnesses and the death of two potential Government witnesses undermined his due process. Specifically, he contends that these instances combined to deprive him of testimony confirming his innocence and that these factors undermined his ability to defend against the charges in the Indictment;

**Ground 5.** The Court made ungrounded presumptions that violated his due process rights. He insists that the Court assumed that his change of business practices in 1995 constituted a financial scheme and that this presumption led to a biased outcome;

**Ground 6.** The Court erred in constructively amending the Indictment by allowing the Government to introduce factual evidence relating to 1991 taxes owed;

**Ground 7**. The Court erred with respect to Count One of the Indictment by adopting the Government's inaccurate testimony concerning this issue. He contends that a Government agent is an unacceptable witness, citing purported precedent found in U.S. v. Frady, 456 U.S. 152. 167-168 (1982);

**Ground 8.** His due process rights were violated because the Government allegedly failed to prove affirmative acts alleged in Count One of the Superceding Indictment;

**Ground 9.** The Court erred in adopting the Government's "hearsay" tax loss calculations. Specifically, he alleges that the Government's calculations were without underlying documentation of start and stop dates and were not subjected to the proper peer review;

**Ground 10.** The Court erred in its application of 1991 and 1993 taxes due at trial and at sentencing. Here, Vaughn re-iterates his contention that the Court erred in its calculation of taxes owed;

**Ground 11.** The Court erred in accepting the Government's proof of financial calculations with respect to sentencing guidelines. Specifically, he asserts that the

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Government failed to factually support or corroborate its exhibits;

**Ground 12.** The Court erred in accepting the Government's proof of tax loss calculations. Vaughn cites "errors" in the Government's accounting procedures and alleged variances from tax law procedure in support of his claim;

**Ground 13.** The Court erred by accepting, and using, Governmental exhibit GE 45 to calculate his sentence;

**Ground 14.** The Court erred by accepting and using Government Exhibit GE 119 to calculate his sentence;

**Ground 15.** The Court erroneously used the Government's tax calculation loss, in its entirety, during sentencing. Vaughn cites all previously noted "injustices" as supporting this contention;

**Ground 16.** The Court erred by accepting Government Exhibits GE 66 and GE 75 in calculating his sentence. Vaughn contends that the Government used false testimony to support these exhibits and his conviction;

**Ground 17.** The Court erred in calculating his sentence by relying on inaccurate financial exhibits. He cites GE45, GE66, GE75, and GE 119 and argues that, collectively, these exhibits were insufficient to support his conviction;

**Ground 18.** The Court violated his Sixth Amendment rights by sentencing him on facts not decided by the jury. Specifically, Vaughn asserts that he was convicted of one count of tax evasion committed in 1993, whereas the Court sentenced him as if he had been convicted on two counts of tax evasion, a 1991 charge and a 1993 charge, although the jury did not find that he was guilty of the 1991 charge;

**Ground 19.** The general statements in the Amended Pre-Sentence Report were prejudicial to his case and these pre-conceived notions resulted in unlawful penalties;

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**Ground 20.** The reasonableness of the punishment imposed is unjust given that he is a first time offender. He asserts that the disparity between the sentence dealt to him, 51 months, and the national average, allegedly 15 months, is unconscionable. Additionally, he challenges the fine as unprecedented;

**Ground 21.** The fine imposed for a first time offender was unnecessary; and

**Ground 22.** Factual errors were made in computing his sentence. Specifically, he insists that his trial was unjust, given the cumulative "tainted" nature of the Government's evidence and given the fact that only one motion ruling during trial benefitted him.

The Government's response, filed on November 26, 2009, argues that twenty-one of Vaughn's twenty-two claims are either procedurally defaulted or non-constitutional claims that cannot be raised in a § 2255 petition. Specifically, the Government contends that the part of Vaughn's fourth ground concerning the "absence of identified witnesses" is procedurally barred because it was raised and disposed of on direct appeal, and that Grounds 2 and 3, the remainder of Ground 4, and Grounds 5 through 21 are defaulted because Vaughn failed to raise them on appeal.

With regard to Vaughn's claims of ineffective assistance of counsel, the Government asserts that Vaughn is unable to establish that either his trial or appellate counsel were ineffective because he cannot satisfy the two-pronged test in Strickland v. Washington, 466 U.S. 668, 692 (1984). Finally, regarding Ground 22, the

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Government argues that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying . . . criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993).

## II. Magistrate Judge Seibert's R&R

In his R&R, Magistrate Judge Seibert recommended that the Court deny Vaughn's § 2255 petition and dismiss it with prejudice. He specifically agreed with the Government's contention that the first part of Ground 4 was procedurally barred because the Fourth Circuit had considered and disposed of it on appeal. Similarly, he found that the second part of Ground 4, as well as Ground 5, Ground 6, the first part of Ground 10, and Ground 18 were all barred because Vaughn could have raised these issues on direct appeal but failed to do so.

The R&R concluded that alleged constitutional errors that could have been raised on direct appeal but were not may only be raised by way of a § 2255 petition when the petitioner demonstrates 1) that "cause" excuses his procedural default, and 2) that he will suffer "actual prejudice" as a result of the alleged error. See U.S. v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). In reviewing this case, Magistrate Judge Seibert concluded that Vaughn

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

had failed to demonstrate any "cause" that could excuse procedural default, or that "actual prejudice" had resulted from the alleged errors with respect to these Grounds.

Concerning the second part of Ground 10 and Grounds 2, 3, 7, 8, 9, and 11 through 21, Magistrate Judge Seibert concluded that those claims were not cognizable in a § 2255 petition because "an alleged misapplication of statutory sentencing requirements does not constitute a miscarriage of justice," Mikalajunas, 186 F.3d at 496. He also concluded that these grounds were not cognizable inasmuch as they merely attacked the reasonableness of Vaughn's sentence.

Finally, Magistrate Judge Seibert similarly determined that Vaughn's ineffective assistance of counsel argument was legally inadequate. After analyzing Vaughn's claim pursuant to the two-pronged framework of Strickland, he concluded that Vaughn had failed to establish that the performance of either his trial or appellate counsel fell below an objective standard of reasonableness, or that he had been prejudiced by either counsels' representation. See Strickland, 466 U.S. at 687.

### III. Petitioner's Objections to the R&R

On February 19, 2009, Vaughn objected to Magistrate Judge Seibert's finding that, except for his ineffective counsel

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

argument, all grounds were procedurally defaulted or not cognizable. Vaughn insists he has legitimately raised multiple grounds for habeas relief via his § 2255 petition because he has satisfied the Mikalajunas standard of showing either "cause" that excuses procedural defaults and "actual prejudice," or a miscarriage of justice that occurred with respect to certain grounds of his petition.

### IV. De Novo Review

Pursuant to 28 U.S.C. §2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To collaterally attack a conviction under § 2255, a petitioner must establish his grounds by a preponderance of the evidence. See Miller v. U.S., 261 F.2d 546, 547 (4th Cir. 1958). Additionally, pursuant to 28 U.S.C. § 636(b)(1)(c), a district court must review objections to a magistrate judge's report and recommendation de novo. "By definition, de novo review entails consideration of an

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

issue as if it had not been decided previously." <u>U.S. v. George</u>,

971 F.2d 1113, 1118 (4th Cir. 1992).

### A. Procedurally Defaulted Claims

"Habeas review is an extraordinary remedy and 'will not be

allowed to do service for an appeal.'" <u>Bousley v. U.S.</u>, 523 U.S.

614, 621 (1998) (<u>quoting</u> <u>Reed v. Farley</u>, 512 U.S. 339 (1994)).

Petitioners therefore are limited in the scope of the issues that

they may raise in a § 2255 petition.  For example, constitutional

issues not raised on appeal may be collaterally attacked only if

the movant can "show cause and actual prejudice resulting from the

errors of which he complains." <u>Mikalajunas</u>, 186 F.3d at 492-93.

"Cause" is said to exist when "something external to the

claim, such as the novelty of the claim or a denial of effective

counsel" interfered with a petitioner's right to a fair trial. <u>Id.</u>

"Attorney error short of ineffective assistance of counsel does not

constitute cause for a procedural default even when that default

occurs on appeal rather than at trial." <u>Murray v. Carrier</u>, 477

U.S. 478, 492 (1986).

If a petitioner can establish "cause," prejudice can be shown

by demonstrating "actual and substantial disadvantage," not the

mere possibility of prejudice. <u>Satcher v. Pruett</u>, 126 F.3d 561,

572 (4th Cir. 1997). Finally, issues rejected on direct appeal

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

cannot be raised in a § 2255 petition unless the petitioner can show an intervening change in the law. <u>Davis v. U.S.</u>, 417 U.S. 333 (1974). The Court's review of Vaughn's procedurally defaulted claims will apply these rules.

*1. The First Part of Ground 4 is Procedurally Barred*

Because Vaughn raised the first section of Ground 4, concerning the absence of witnesses at trial, on appeal, and because there has been no intervening change in the law concerning this issue, as adopts Magistrate Judge Seibert's recommended, under <u>Davis</u>, Vaughn is barred from bringing this claim in a § 2255 petition.

*2. The Second Part of Ground 4 is Procedurally Barred*

Without citing to any underlying facts or law in his responsive memorandum, Vaughn alleges that the death of three potential witnesses prior to trial is sufficient cause to afford him habeas relief. He insinuates that prejudice flows naturally from the absence of the witnesses. Vaughn, however, failed to raise this argument on appeal. Thus, he must now demonstrate both cause and actual prejudice to prevail on this claim. <u>See Mikalajunas</u>, 186 F.3d at 492-93.

Unfortunately, Vaughn's bare assertions do not establish "cause" or that the absence of these witnesses worked to his

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

"actual and substantial disadvantage." <u>See</u> <u>Satcher</u>, 126 F.3d at 572. This ground also is procedurally barred.

*3. Grounds 5, 6, 10, and 18 are Procedurally Barred*

Vaughn failed to raise Grounds 5, 6, 10, and 18 on direct appeal. Because these grounds raise constitutional issues, his petition must show "cause," that is, an external impediment which prevented him from raising the claims on appeal, that excuses his procedural default, as well as "actual prejudice." <u>See</u> <u>Mikalajunas</u>, 186 F.3d at 492-93.

In his objections to the R&R, Vaughn insists he has shown "cause" excusing his procedural default with respect to these grounds. However, no "cause" argued by Vaughn excuses his procedural defaults.

In Ground 5, Vaughn asserts that "the Court violates Petitioner's rights of due process when Petitioner's change of business format in 1995 leads the Court to assumption that Petitioner created scheme and hid assets in determining factors to sentencing." (Civ. Act. No. 2:08cv96, dkt. no. 1, pg. 27). Although Vaughn insists there is a "cause" that justifies Ground 5, he fails to explain it, either in his response to the R&R or in his supporting memorandum. Moreover, a jury of his peers  convicted

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Vaughn; thus his assertion that the Court made a biased assumption that unjustly influenced sentencing is meritless because his sentence is within the advisory guideline range.

In Grounds 6, 10, and 18 Vaughn alleges that the Court allowed the Government to constructively amend the Superceding Indictment to include violations that occurred during the 1991 tax year. He argues that this resulted in an unjust sentence because, although the jury found him guilty of one crime, tax evasion committed in 1993, the Court sentenced him as though he had committed two crimes, tax evasion in 1991 and again in 1993.

In Vaughn's case, the 1999 Tax Court decision included tax deficiencies for both the 1991 and 1993 tax years.  Vaughn offered no evidence that the 1991 evasion was unrelated to the conduct of evading payment in 1993.  Accordingly, at sentencing, the Court concluded by a preponderance of the evidence that Vaughn had used the same method to evade payment of taxes in tax years 1991 and 1993.

The alleged "procedural defaults" on which Vaughn relies to support his argument are not defaults, but rather considerations the Court must heed under U.S.S.G. § 2T1.1.  Note 2 to U.S.S.G. § 2T1.1 provides that:

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

> In determining the total tax loss attributable to the
> offense . . . all conduct violating tax laws should be
> considered as part of the same course of conduct or
> common scheme or plan unless the evidence demonstrates
> that the conduct is clearly unrelated.  The following
> examples are illustrative of conduct that is part of the
> same course of conduct or common scheme or plan: (a)
> there is a continuing pattern of violations of the tax
> laws by the defendant; (b) the defendant uses a
> consistent method to evade or camouflage income, e.g.,
> backdating documents or using off-shore accounts; (c) the
> violations involve the same or a related series of
> transactions' (d) the violation in each instance involves
> a false or inflated claim of a similar deduction or
> credit; (e) the violation in each instance involves a
> failure to report or an understatement of a specific
> source of income, e.g., interest from savings account or
> interest from a particular business activity.

Thus, there are no "procedural defaults," but rather considerations
under the sentencing guidelines that cannot serve as a "cause" to
excuse Vaughn's failure to raise these issues on appeal.

Furthermore, even if Vaughn could establish "cause" with
respect to any of the grounds alleged, he has failed to show that
the alleged errors worked to his "actual and substantial
disadvantage." Satcher, 126 F.3d at 572. Rather, he merely
illustrates in his Petition and response to the R&R that the
alleged errors created a possibility of prejudice, a standard that
is legally insufficient. See Satcher, 126 F.3d at 572.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## B. Claims Not Cognizable in a § 2255 Motion

Regardless of whether they could have been raised on direct appeal, claims that attack neither the constitutionality of a conviction nor the Court's jurisdiction are only cognizable in a § 2255 petition if the purported violation constitutes a "miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). To prove that a miscarriage of justice will occur if a court fails to entertain a collateral attack, "a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493.

To show actual innocence, a petitioner typically must show actual factual innocence of his conviction. Id. at 494. Specifically, a petitioner such as Vaughn must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). If petitioners can satisfy this stringent standard, courts should issue writs of habeas corpus even if the issue was procedurally defaulted. Id. The Fourth Circuit has "join[ed] our sister circuits in holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice." Mikalajunas, 186 F.3d at 496. With this understanding of

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

the applicable standard, the Court now determines whether Vaughn's

allegations in Grounds 2, 3, 7-17, and 19-22, are cognizable in a

§ 2255 petition.

In Ground 2 of his petition, Vaughn states that, "in applying

the Sentencing Guidelines, the Court is unjust when determining

maximum fine and months of incarceration in offense range for first

time offender." (Civ. Act. No. 2:08cv96, dkt. no. 1, pg. 10). Even

if the Court misapplied the Sentencing Guidelines, a plain reading

of this Ground establishes that it challenges nothing more than the

reasonableness of the sentence imposed by the Court. Such a

misapplication of the guidelines does not constitute a "miscarriage

of justice." Vaughn's claim, thus, is not cognizable in a § 2255

petition. <u>Id.</u>

Ground 3 of Vaughn's petition states that "the Court violates

Petitioner's due process rights through accepting government's

abuse of power then imposing excessive sentence." (Civ. Act. No.

2:08cv96, dkt. no. 1, pg. 12). Magistrate Judge Seibert concluded

that this Ground, like Ground 2, does nothing more than challenge

the reasonableness of the sentence imposed. Vaughn's attempt to

recast it by adding the boilerplate constitutional language

"violates . . . due process" without providing any foundation for

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

the assertion is unavailing.  Thus, Ground 3 merely challenges the reasonableness of the sentence imposed and is not cognizable in a § 2255 petition.

In Ground 7, Vaughn contends that "the District Court erroneously imposed Petitioner's sentence by adopting government's inaccurate testimony in regard to affirmative act #1 in the Superceding Indictment, violating Petitioner's due process rights for a fair sentence." (Civ. Act. No. 2:08cv96, dkt. no. 1, pg. 16). Again, a challenge to the reasonableness of a sentence is not cognizable in a § 2255 petition because no "miscarriage of justice" is present.

Ground 8 alleges that the Court trampled Vaughn's due process rights by not requiring that the government prove affirmative acts at trial, and by "sentencing Petitioner beyond necessity and justification." (Civ. Act. No. 2:08cv96, dkt. no. 1, pg. 17). Vaughn's first claim is clearly erroneous.  To convict him, the jury necessarily had to conclude that Vaughn had committed one of the affirmative acts alleged in the indictment beyond a reasonable doubt.  Additionally, as the R&R found, this challenge ultimately attacks nothing more than the reasonableness of Vaughn's sentence, a ground not cognizable in a § 2255 petition.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Ground 9 contends that "the Court erred in adoption of government's hearsay 'tax loss' calculations that created excessive sentencing prejudicial to Petitioner's due process." (Civ. Act. No. 2:08cv96, dkt. no. 1, pg. 18). A plain reading of this Ground reveals nothing more than another challenge to the reasonableness of the Court's sentence.  There is no foundation for relief as to this claim because Vaughn's sentence was within the applicable sentencing guidelines. Moreover, even if the Court erred in its sentence, Vaughn has failed to establish a miscarriage of justice for which habeas relief may be granted. He has no evidence of his actual innocence and cannot show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327.

In the second part of his Ground 10 claim, Vaughn insists that the Court erred in calculating the "tax loss" in his case, and thus improperly enhanced his sentence.  As already noted, however, Vaughn's sentence was within the applicable guidelines. Thus, as Magistrate Judge Seibert concluded, challenges to the reasonableness of a sentence are not cognizable in a § 2255 petition and Vaughn therefore is not entitled to habeas relief.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In Grounds 11 through 17, Vaughn raises similar issues. He contends that the Court imposed an unreasonable sentence by including errors in the government's Exhibits GE45, GE66, GE119, GE65, and also in the government's general methodology used at trial, when it determined his sentence. In addition, without any explanation, Vaughn insists that his due process rights were violated. Such contentions merely challenge the reasonableness of his sentence and cannot serve as vehicles to provide Vaughn with habeas relief.

Moreover, because he has no evidence of his actual innocence, Vaughn has failed to establish that a "miscarriage of justice" occurred. See Schlup, 513 U.S. at 327. Thus, the claims contained in Grounds 11 through 17 are without merit.

In Ground 19, Vaughn insists that "the Court's generalized statements in the Amended Pre-Sentence Report to justify maximum range penalties including enhancements are excessive, harmful and prejudicial to Petitioner." (Civ. Act. No. 2:08cv96, dkt. no. 1, pg. 28). Vaughn once again is challenging nothing more than the reasonableness of his sentence, which is not a proper basis for habeas relief.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In Ground 20, Vaughn states that "the Court has imposed a sentence of disparity to a first time offender by awarding a maximum fine and maximum amount of incarceration within the guideline ranges." (Civ. Act. No. 2:08cv96, dkt. no. 1, pg. 29). Because this is nothing more than another challenge to the reasonableness of Vaughn's sentence, it is not cognizable in a § 2255 claim under <u>Mikalajunas</u>.

Ground 21 re-iterates the contention found in Ground 20. It states that "the Court applied sentencing factors and Sentencing Guidelines aggressively, creating penalties greater than necessary for a first time offender." (Civ. Act. No. 2:08cv96, dkt. no. 1, pg. 30). Merely challenging the reasonableness of the sentence imposed by the Court is not a cognizable ground for relief in a § 2255 petition.

Vaughn's basis for relief in Ground 22 is that the cumulative importance of the "newly discovered evidence" alleged in his § 2255 petition proves his "actual innocence."[1] However, because "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an

---

[1]     Vaughn does not specify any "newly" discovered evidence. Rather, he contends that the "accumulative Grounds" presented in his petition justify his contention.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

independent constitutional violation occurring in the underlying
. . . criminal proceeding," the Court finds that this claim is not
cognizable in a § 2255 petition.  <u>Herrera</u>, 506 U.S. at 400.

## C. Ineffective Assistance of Counsel Claims

The only cognizable claims in this habeas action are Vaughn's
claims of ineffective assistance of counsel. Beginning on page 24
of his petition, Vaughn attacks many aspects of his attorneys'
performance.  First, he insists that his trial counsel failed to
coach him effectively.  Second, he contends that trial counsel
failed to subpoena appropriate witnesses to rebut the government's
case.  Third, he alleges that trial counsel failed to advise him to
pay $414 of back taxes from 1991.  Fourth, he asserts that, during
trial, counsel criticized West Virginia University ("WVU") -
educated attorneys to his detriment.  Fifth, he argues that counsel
failed to ask the judge for a jury instruction regarding a "split
decision."

Vaughn also asserts that, during the appellate process, he
received ineffective assistance of counsel, because his appellate
attorney failed to amend the brief to the Fourth Circuit at his
request to include purported calculation errors in the Government's

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

exhibits.   Magistrate Judge Seibert's R&R concluded that this argument lacked merit.

*1. Vaughn's Counsel Acted Effectively at Trial*

The Sixth Amendment right to counsel affords criminal defendants a right to effective assistance of counsel. When considering a challenge to the effectiveness of counsel, a court must apply the two-pronged test articulated in <u>Strickland v. Washington</u>, 466 U.S. at 692, which requires that a petitioner show: (1) his counsel's performance was objectively unreasonable; and, (2) counsel's unreasonable performance resulted in actual prejudice. <u>Id.</u> at 687-690.

To satisfy this test, "the defendant must show there is a reasonable certainty that, but for counsel's professional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. When examining counsel's behavior, there is a "strong presumption" that an attorney's behavior is within "the wide range of reasonable professional assistance," <u>id.</u> at 689, and the standard of reasonableness is highly deferential. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986).

Importantly, "in order to obtain an evidentiary hearing on an ineffective assistance claim . . . a habeas petitioner must come

21

forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992).

Although Vaughn now argues that his trial counsel was ineffective, during his allocution at sentencing, while under oath, Vaughn stated otherwise. According to Vaughn, he had "been ably represented here, Mr. Hansen [Vaughn's trial counsel] has done a fantastic job. Mr. Frame is local counsel and he's been very helpful too and I thank both of them and thank you for your time." (Transcript of Sent. Hr'g at 1231). Vaughn's ineffective assistance of counsel claims need to be examined in light of these statements and the record of his trial.

Vaughn first argues that his attorney's failure to coach him and to explain where results "may have turned positive" fell below an objective standard of reasonableness. Vaughn's assertions brush too broadly, however. He claims that his attorney failed to "coach" him because he failed to (1) discuss with him the risks of trial, (2) discuss the risks of taking the stand, (3) adequately discuss the purpose and risks of allocution, and (4) discuss the importance of the Pre-Sentence Report. Vaughn, however, has presented no

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

evidence to substantiate these allegations, either in his § 2255 petition or in his Response to Judge Seibert's R&R. Given how highly Vaughn spoke of his counsel's performance at the time of sentencing, and "because unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing," The Court concluded that Vaughn's contentions do not merit an evidentiary hearing. Nickerson, 971 F.2d at 1136.

In his second claim of ineffective assistance by trial counsel, Vaughn alleges that his lawyer failed to subpoena certain witnesses. Vaughn, however, has failed to rebut the "strong presumption" that his attorney's behavior was within the wide range of acceptable conduct. See Strickland, 466 U.S. at 689. Indeed, he has offered no evidence that his counsel was not acting in his best interests by excluding certain witnesses. Nor has he adequately described how the "missing" testimony would have strengthened his case. Thus, Vaughn's allegation that this alleged defect "damaged defense cooberation" is without merit.

Vaughn's third contention of ineffective assistance by trial counsel is that "Defendant's counsel did not advice Vaughn to pay $414 1991 tax before trial so it would become a non-issue. Amount grew to $10,011 and was added to tax loss, preponderance of the

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

evidence used by court, and conduct in sentencing," also lacks
merit. (Civ. Act. No. 2:08cv96, dkt. no. 1-2, p. 17). Initially,
as Vaughn recognizes, what began as a tax debt of $414.00 in 2001
exceeded $10,000 by the time of trial. Vaughn presents no evidence
that he could have paid that debt off, even had he been advised to
do so. Moreover, he has presented no evidence that, by the time he
had been indicted on his 1993 tax debt, he would have been
permitted to pay off his 1991 tax debt, or that doing so would have
reduced his criminal liability. Finally, as the Court has
previously noted, while under oath at his sentencing hearing,
Vaughn stated he had been ably represented by his attorney, and
gave no indication that his attorney had failed to properly advise
him on any issue. Consequently, the Court finds that Vaughn has
failed to allege ineffective assistance of counsel on this ground.

In Vaughn's fourth claim of ineffective assistance of counsel,
he alleges that, at trial, his attorney made comments criticizing
WVU-educated attorneys, and that the comment damaged his case. The
transcripts of the trial, however, do not substantiate Vaughn's
claim of damage. Thus, these allegations alone do not rebut the
presumption that Vaughn's attorney, at trial, acted within the

<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

"wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689.

Fifth, Vaughn argues that his trial counsel's decision not to argue for an instruction on a "split decision" amounted to ineffective assistance. He insists that "defendant attorney did not argue during jury instructions for an instruction of a split decision as the judge offered only a unanimous decision would be accepted. Defendant lost case for sure on this point as government wields its power, assuring conviction." (Civ. Act. No. 2:08cv96, dkt. no. 1-2, pg. 24). Vaughn cites Federal Rule of Criminal Procedure 31(b)(3) as support for his contention.

Vaughn badly misconstrued the law in this area. Federal Rule of Criminal Procedure 31(b)(3) states that "if the jury cannot agree on a verdict on one or more counts, the court may declare a mistrial on these counts. The government may retry any defendant on any count on which the jury could not agree." Because a court would never instruct a jury in a criminal case that they could reach anything other than a unanimous verdict as to each count, defense counsel did not act unreasonably by failing to seek an erroneous jury instruction.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*2. Vaughn's Appellate Counsel Acted Effectively*

The "right to effective assistance of counsel extends to require such assistance on direct appeal of a criminal conviction." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000).  As with an allegation of ineffective representation at trial, in order to establish that appellate counsel was ineffective for not pursuing a claim on direct appeal, a petitioner must satisfy the Strickland criteria.  Id. at 179-180.  However, "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" Id. (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)).  The Supreme Court has noted that "'winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy,'" id. (quoting Smith v. Murray, 477 U.S. 527, 536 (1986)), and that "it [will be] difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000).

Here, Vaughn's assertion that his appellate attorney was ineffective because "counsel refused to create a math error and false methodology amendment to the appeal" lacks merit. (Civ. Act. No. 2:08cv96, dkt. no. 7, pg. 6).  He has offered no evidence that

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

his attorney was acting contrary to his best interests in the appellate process. Moreover, as the appellate opinion reflects, Vaughn's attorney presented four substantial arguments to the appellate court. Specifically, counsel contended that the trial court had denied Vaughn the opportunity to argue a "good faith" defense; that it had erred by not allowing defense counsel the ability to challenge the underlying tax deficiency; that it had erred by not requiring a formal assessment to be undertaken; and that the prosecution had engaged in misconduct. (Crim. Act. No. 2:04cr14, dkt. no. 178, pg. 2).

In light of the substantial arguments raised on appeal, and because Vaughn has failed to rebut the presumption that his attorney was acting in his best interest by "winnowing out" weak arguments, no basis exists to conclude that Vaughn's appellate attorney acted ineffectively. Consequently, Vaughn is not entitled to an evidentiary hearing on his claim that his appellate counsel was ineffective.

### V. Conclusion

For all the reasons discussed, the Court **ADOPTS** Magistrate Judge Seibert's R&R in its entirety (Civ. Act. No. 2:08cv96, dkt. No. 6; Crim. Act. No. 2:04cr14, dkt. no. 202), **DENIES** Vaughn's §

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

2255 petition (Civ. Act. No. 2:08cv96, dkt. No. 1; Crim. Act. No. 2:04cr14, dkt. no. 186), **DISMISSES** the case **WITH PREJUDICE,** and **ORDERS** that it be stricken from the Court's docket.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record and to the <u>pro</u> <u>se</u> petitioner by certified mail, return receipt requested.

DATED: July 24, 2009


                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE